## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ANTHONY JAMES GERHARDT, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **2015CH08848** **CALENDAR/ROOM 06** **TIME 00:00** **Class Action** |
| v. | |
| ARGOSY EDUCATION GROUP, INC., an Illinois corporation, d/b/a ARGOSY UNIVERSITY, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Anthony James Gerhardt brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Argosy Education Group, Inc. d/b/a Argosy University to stop its practice of making unsolicited telemarketing calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorney.

### NATURE OF THE ACTION

1.      Defendant Argosy is a for-profit college that offers education-related programming at campuses throughout the country and also online.

2.      Unfortunately, in an attempt to promote its university and solicit new students to enroll in its programming, Argosy conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly made unsolicited calls to consumers' cellular telephones

without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.    By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

4.    The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5.    Plaintiff Anthony James Gerhardt is a natural person and citizen of the State of Utah.

6.    Defendant Argosy Education Group, Inc. is an Illinois corporation with its headquarters located at 210 Sixth Avenue, 33rd Floor, Pittsburgh, Pennsylvania 15222. Argosy is a subsidiary of Education Management Corporation. Argosy conducts business throughout Cook County, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

7.    The Court has personal jurisdiction over this action pursuant to 735 ILCS 5/2-209(a)-(b) because Defendant is an Illinois corporation, conducts business transactions in this State (including operating administrative offices and higher education campuses in Cook

2

County), solicits consumers in this State, and the tortious conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this State.

8.      Venue is proper because Defendant conducts business transactions in Cook County, resides, in part, in Cook County (*i.e.*, has campuses and other administrative offices here), solicits a significant amount of business within Cook County, conducts significant business transactions in Cook County, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from Cook County.

## COMMON FACTUAL ALLEGATIONS

9.      Defendant Argosy is one of the leading for-profit colleges offering education-related programming at campuses throughout the country and also online.

10.     Unfortunately, in an attempt to solicit consumers to apply to its for-profit university, Argosy conducted (and continues to conduct) a widespread telemarketing campaign using sophisticated telephone dialing systems to call consumers' cellular telephones *en masse*.

11.     In Argosy's overzealous marketing attempts, it placed (and continues to place) phone calls to consumers who never provided consent to be called and to consumers who it had no relationship with.

12.     Argosy (and/or agents acting on its behalf) uses a variety of phone numbers to make these sales calls to consumers, such as 877.309.3110, 412.875.9397, and 480.327.1200.

13.     Not surprisingly, these practices have led to significant complaints from consumers, such as the following examples published on the Internet:

> • "[The call] is for Argosy College. I got tired of them calling so I called them back from a different number and told them to leave me alone. They said they

3

> would tak[e] my number out of their database. How did my number end up there anyway? I am so careful about who I hand it out to."[1]

- "Argosy calling to try to sucker more people in. They have been spam calling me for months. I have asked to be put on a do not call list and to be taken off of any other call lists . . . ."[2]

- "Kept getting these calls too and finally called back and it was Argosy University. I'm in the process of applying to clinical psychology programs and made the mistake of contacting this school about their program, and now they seem to be stalking me! Scary. Can't believe [their] programs are APA accredited. Hopefully they take me off their phone list otherwise I may need to follow up with legal action for harrasment [sic]."[3]

14. While primarily based in Chicago, Illinois,[4] Argosy—through its parent company,

Education Management Corporation—operates call center operations throughout the United

States, including a substantial presence in Arizona.[5]

15. In making the phone calls at issue in this Complaint, Argosy and/or its agents

utilized automatic telephone dialing systems.[6] Specifically, the hardware and software used by

---

[1] *See* Call Notes for Telephone Number 412-875-9397, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-412-875-9397 (last visited on June 3, 2015).

[2] *See* Call Notes for Telephone Number 877-309-3110, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-877-309-3110 (last visited on June 3, 2015).

[3] *See id.*

[4] *See* Company Overview of Argosy Education Group, Inc., *Bloomberg Business*, http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=397883 (last visited on June 3, 2015).

[5] *See* LinkedIn Profile of Education Management Corporation Vice President of Call Center Operations, *LinkedIn Corporation*, https://www.linkedin.com/in/anthonyweinberg (last visited on June 3, 2015); *see also* Job Posting for Vice President of Marketing – Argosy, Orange County or Pittsburgh, *Career Builder*, http://www.careerbuilder.com/jobseeker/jobs/jobdetails.aspx?showNewJDP=yes&job_did=J3L0 6373P5H1M46CR0B ("The Vice President of Marketing will dually report to the Chancellor of Argosy University and EDMC's Chief Marketing Officer . . . The person will partner with the Argosy admissions team . . . and EDMC's call center to deliver an exceptional student experience.") (last visited on June 3, 2015).

[6] *See* Employer Reviews for Education Management Corporation, *Glassdoor, Inc.*, http://www.glassdoor.com/Reviews/Employee-Review-Education-Management-Corporation-RVW3188557.htm ("Worst. Job. EVER! Be prepared to be chained to your desk, *slave to the*

4

Argosy (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Argosy's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention). Argosy's own employees even admit to using automatic dialing systems.[7]

16.     Argosy knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, Argosy not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF GERHARDT

17.     Starting in or around April 2015, Plaintiff Gerhardt began receiving calls on his cellular telephone from Argosy, including from the phone number 480.327.1200.

18.     In just a day and a half, Plaintiff received at least seven calls from Argosy. When he answered one of these calls he heard a long pause while he waited to be connected to a live operator. The live operator stated that he was calling from Argosy. The operator attempted to solicit him to apply to one of Argosy's programs.

19.     While Plaintiff requested that Argosy stop calling him, he continued to receive

*auto-dialer* that will track every second of your day . . . Be prepared to be screamed at by . . . the poor saps who mistakenly entered their contact information into one of the scam websites that trick them by promising a job, free laptop, gift card…etc.") (last visited on June 3, 2015) (emphasis added); *see also* Employer Reviews for Argosy University, *Glassdoor, Inc.*, http://www.glassdoor.com/Reviews/Argosy-University-Reviews-E473840.htm ("Pressured to sign people up for classes who are unlikely to succeed. *Phones were on auto-dial*. Graudation [sic] rate was very low, and yet sales pressure very high. I felt like I was making the world a worse place.") (last visited on June 3, 2015) (emphasis added).

[7]     *See id.*

5

calls from the company.

20.    Plaintiff does not have a relationship with Argosy, has never provided his

telephone number directly to Argosy, or requested that Argosy place calls to him. Simply put,

Plaintiff has never provided Argosy with his prior express consent to place calls to him and has

no business relationship with Argosy.

21.    Argosy is and was aware that the above-described telephone calls were and are

being made to consumers like Plaintiff who had not consented to receive them.

## CLASS ALLEGATIONS

22.    **Class Definition**: Plaintiff Gerhardt brings this action pursuant to 735 ILCS 5/2-

801 on behalf of himself and a class of similarly situated individuals, defined as follows:

> All persons in the United States who received a telephone call: (1) on a cellular telephone
> number; (2) from (or on behalf of) Argosy University that was made for the purpose of
> promoting its programming or soliciting new student enrollment; and (3) for whom
> Argosy had no record of prior express written consent to make such telephone calls at the
> time they were made.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over

this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents,

successors, predecessors, and any entity in which the Defendant or its parents have a controlling

interest and its current or former employees, officers and directors; (3) persons who properly

execute and file a timely request for exclusion from the Class; (4) persons whose claims in this

matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such

excluded persons.

23.    **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff

at this time, but it is clear that individual joinder is impracticable. On information and belief,

Defendant made telephone calls to thousands of consumers who fall into the definition of the
Class. Members of the Class can be easily identified through Defendant's records.

24. **Commonality and Predominance**: There are many questions of law and fact
common to the claims of Plaintiff and the Class, and those questions predominate over any
questions that may affect individual members of the Class. Common questions for the Class
include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant systematically made telephone calls to consumers—including
Plaintiff and the Class—who did not previously provide Defendant and/or its
agents with their prior express consent to receive such telephone calls;

(c) Whether Defendant systematically made telephone calls to consumers—including
Plaintiff and the Class—utilizing an ATDS; and

(d) Whether Plaintiff and the members of the Class are entitled to treble damages
based on the willfulness of Defendant's conduct.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and
protect the interests of the Class, and has retained counsel competent and experienced in
complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant
has no defenses unique to Plaintiff.

26. **Appropriateness**: This class action is appropriate for certification because class
proceedings are superior to all other available methods for the fair and efficient adjudication of
this controversy and joinder of all members of the Class is impracticable. The damages suffered
by the individual members of the Class are likely to have been small relative to the burden and
expense of individual prosecution of the complex litigation necessitated by Defendant's

wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)
### (On behalf of Plaintiff and the Class)

27.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28.     Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express consent—in an effort to sell its education-related programming.

29.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

30.     Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

31.     By making unsolicited telephone calls to Plaintiff's and the Class member's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

8

32.     As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

33.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anthony James Gerhardt, individually and on behalf of the Class, prays for the following relief:

1.      An order certifying the Class as defined above, appointing Plaintiff Anthony James Gerhardt as representative of the Class, and appointing his counsel as Class Counsel;

2.      An award of actual and statutory damages;

3.      An injunction requiring Defendant and its agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4.      An award of reasonable attorneys' fees and costs; and

5.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

//

//

//

Respectfully Submitted,

**ANTHONY JAMES GERHARDT**,
individually and on behalf of all others
similarly situated,

Dated: June 3, 2015          By: _____
                             One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
John Ochoa
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

Jarrett L. Ellzey*
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
Gallery Tower 1
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Tel: 713.554.2377
Fax: 888.995.3335

*Admission to be sought.